BUTTERWORTH v. VOLKENING, appellant.

*Evidence — custom of trade — Objection — not available for first time on appeal — Covenant for quiet enjoyment — does not protect against fruitless actions.*

In an action where a question litigated was whether furniture was sold by a contract as to its price; *held,* that proof that under the regulations of cabinet workers, workmen could not be employed to manufacture such furniture except by the day, was not admissible against a purchaser having no notice of such regulations.

An objection to evidence cannot be for the first time presented upon an appeal. *Holloway* v. *Stephens,* 2 N. Y. Sup. 562.

Under a covenant for quiet enjoyment contained in a lease, *held,* that it was no part of the landlord's obligation to protect the tenant against the consequences of fruitless suits brought against him for his interest in the leasehold estate.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought by Henry H. Butterworth, as collector of the estate of John F. Butterworth against Henry Volkening and another.

*Nelson Smith,* for appellants.

*Edgar S. Van Winkle,* for respondent.

DANIELS, J.

The opinion is chiefly devoted to a discussion of the evidence. The following is the only part believed to be of general importance, sufficient to warrant publication at length:

"The expenses of the proceedings prosecuted by Bressler to obtain possession of the leasehold premises were properly disallowed. It was an ineffectual proceeding in favor of a claimant of the interest leased by the intestate to the defendant; and the expenses of it were claimed under the covenant for quiet enjoyment contained in the lease; but it was no part of the landlord's obligation created by such a covenant, to protect the tenant against the consequences of fruitless suits brought against him for his interest in the leasehold estate. Its purpose is to protect the tenant against disturbance in his possession by persons having title paramount to that created by the landlord. This rule is clearly stated and maintained by one of the authorities relied upon by the defendant's counsel. *Kelly* v. *Dutch Church of Schenectady*, 2 Hill, 105, 111. Justice BRONSON, in his opinion in that case, held it to be settled 'that in an action upon a general covenant for quiet enjoyment, the plaintiff must aver and prove that the person by whom he was evicted had a lawful title to the property, and that he had such title before or at the time of the conveyance by the defendant. It must be both a lawful and superior title.' In the present case the title of the claimant was derived from the intestate after the lease was executed, and the defendant was not evicted by his proceedings. The referee found that the intestate has not agreed to share the expenses of the defense with the defendant; and there seems to be no reason for doubting the correctness of his conclusion on that subject. There was, therefore, no reason shown on which the referee could charge the intestate with any portion of those expenses."

*Judgment affirmed.*